

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 6, 2017**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| JACOB WESTLEY LARA and § | CASE NO. 16-50201-rlj7 |
| TOBITHA ANN LARA, § | |
| § | |
| § | |
| Debtors. § | |

## MEMORANDUM OPINION

The Laras were last in this Court for a hearing on violations of the automatic stay and the discharge injunction by Vivint, Inc.[1]  Vivint was an unsecured creditor in the Laras' chapter 7 case; the debt arose from a contract for a home security system at the Laras' prior residence.  The Laras, in their bankruptcy schedules, rejected the lease agreement with Vivint.  The Laras sent notice of their bankruptcy—and the imposition of the automatic stay—to Vivint.  The Laras also informed two Vivint representatives over the phone of their bankruptcy.  Yet Vivint continued to attempt to collect payment for a past due debt throughout the Laras' bankruptcy and continuing after they each received their discharge.

___

[1] *In re Lara*, 569 B.R. 231 (Bankr. N.D. Tex. 2017).

On March 27, 2017, the Court, after an evidentiary hearing on the Laras' motion, issued its Memorandum Opinion [Doc. No. 34] and its Order [Doc. No. 35] finding Vivint liable for multiple, willful violations of both the automatic stay and the discharge injunction. On the authority of § 362(k) of the Bankruptcy Code, the Court awarded $500 in actual damages to the Laras and $7,480 in attorney's fees to their counsel, Legal Aid of NorthWest Texas. Further, the Court found that Vivint's repeated violations constituted "egregious conduct" worthy of punitive damages: the Laras were awarded $2,000 for Vivint's second stay violation, $4,000 for its third, $8,000 for its attempt to collect after the Laras' discharge, and $10,000 for ignoring the motion by the Laras. *In re Lara*, 569 B.R. 231, 237 (Bankr. N.D. Tex. 2017). The punitive damages thus totaled $24,000.

The Memorandum Opinion and the Order, and thus notice of the award, were sent to Vivint's registered agent and counsel, Nathan Wilcox, at 491 N. 300 W, Provo, UT 84604 by certified mail on March 28, 2017.[2] They were delivered at such address on March 31, 2017, and were signed for and received by Janet Taufer.[3]

By May 1, 2017, Vivint had yet to respond to the Order; the Laras' bankruptcy case was closed on April 17, 2017. The Laras then filed two motions, a motion to reopen the case and a motion for Vivint to show cause why it should not be held in contempt for failing to pay the damages awarded under the, as they termed it, "sanctions" Order.[4] The Laras sent notice to Vivint of these motions by certified mail; such notice was received and signed for by Janet Taufer on May 5, 2017.[5]

---

[2] Exs. D, E1.
[3] Exs. E2, E3.
[4] Exs. F, G.
[5] Exs. H, I1, I2, and I3.

The Court, on May 8, 2017, issued its order reopening the case so it could then consider the Laras' motion to show cause, on which hearing was set for June 21, 2017; the Laras sent Vivint notice of the hearing by certified mail and such notice was received and signed for by Janet Taufer on May 8, 2017.[6]

The hearing was held on June 21, 2017. Vivint did not reply to the motion or appear at the hearing. The Laras presented their case unopposed. Both Jacob and Tobitha Lara testified. Mr. Lara testified that he incurred $87.31 in travel expenses and $185 in lost wages to attend the hearing. Mrs. Lara testified about their time spent in the home equipped with the Vivint security system, how the drop in the oil market forced them to surrender that home in the summer of 2016, and about how her 18-month-old son has a medical condition preventing her from working at the moment. Mr. and Mrs. Lara both testified that they have not received payment or otherwise heard from Vivint.

Counsel for the Laras presented attorney fees of $35,700. In addition, the Laras, through counsel, presented evidence concerning both Vivint's financial success and a trail of settlements in numerous states for Vivint's deceptive advertising and sales tactics.[7]

At the conclusion of the hearing, the Laras made three requests: (1) that the Court find Vivint in contempt of the Court's March 27, 2017 Order; (2) that it award the Laras an additional $272.31 in actual damages, $140,000.00 in punitive damages, and $35,700.00 in attorney's fees; and (3) that it order the arrests of Nathan Wilcox, Vivint's registered agent and general counsel, and Todd Pedersen, Vivint's CEO, and that they be held until Vivint pays the damages awarded under the March 27 Order.

---

[6] Exs. J, K, L1, L2, and L3.
[7] Exs. N1-N15, O, P, Q, R, S, and T.

**Jurisdiction and Venue**

The District Court for the Northern District of Texas has subject matter jurisdiction over the Laras' bankruptcy case and its contested matters under 28 U.S.C. § 1334. Bankruptcy cases and proceedings arising in or arising under title 11 of the United States Code have been referred to this Court under the Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc, adopted in this district on August 3, 1984.

This is a core proceeding. "A proceeding is core if it either arises under the Bankruptcy Code or would have no existence outside of the bankruptcy proceeding." *Garrett v. Coventry II DDR/Trademark Montgomery Farm, L.P. (In re White-Robinson)*, 777 F.3d 792, 795 (5th Cir. 2015) (internal quotation and citation omitted), *cert. denied*, 136 S. Ct. 52 (2015). An action seeking civil contempt for a party's failure to obey a prior order of the bankruptcy court would not exist but for the bankruptcy proceeding. *Id*. A bankruptcy court's oversight of the automatic stay and the discharge injunction goes to the heart of a bankruptcy case and its administration. *See* 28 U.S.C. § 157(b)(2)(A).

**Discussion**

The threshold question here—and as it turns out, the only question—is whether it is proper for the Court to impose contempt proceedings against Vivint for its failure to respond to the Court's March 27, 2017 Order. As outlined above, the Court has already assessed damages, actual and punitive, and attorney's fees in favor of the Laras. In doing so, the Court looked to § 362(k) of the Bankruptcy Code, which provides that an individual injured by a willful stay violation may recover actual damages and, in appropriate circumstances, punitive damages. The award addressed both Vivint's acts that violated the automatic stay and those that violated the discharge injunction. Though § 362(k) does not cover acts that violate the discharge injunction,

the Court, in effect, awarded damages for such violations just as if they had been stay violations. This is not uncommon. *See Loe v. Green Tree Servicing, LLC (In re Loe)*, No. 11-44598-DML-13, 2013 WL 6628960, at *11 (Bankr. N.D. Tex. Dec. 17, 2013) (citing *Mooney v. Green Tree Servicing, LLC (In re Mooney)*, 340 B.R. 351, 361 (Bankr. E.D. Tex. 2006)); *see also Fauser v. Green Tree Servicing, LLC (In re Fauser)*, 545 B.R. 907, 912 (Bankr. S.D. Tex. 2016); *McClure v. Bank of Am. (In re McClure)*, 430 B.R. 358, 362–64 (Bankr. N.D. Tex. 2010).

The Laras are now seeking *additional sanctions* in the form of money damages for Vivint's failure to respond after having been served with the Court's March 27 Order. Conduct by a creditor that constitutes an intentional violation of the automatic stay or the discharge injunction smacks of sanctionable conduct—and courts typically so characterize it. But here, the Laras are asking the Court to award additional damages because Vivint has failed to respond to what is in essence an award of legal damages. The Court finds no authority for this.

Imposing a sanction for contempt is different from enforcing a judgment. "Use of the contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment." *Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 166 (7th Cir. 1997); *accord In re White-Robinson*, 777 F.3d 792 (5th Cir. 2015). Conversely, "[t]o enforce a judgment, judgment creditors must file a writ of execution in accordance with the 'practice and procedure of the state in which the district court is held'." *Andrews v. Roadway Express Inc.*, 473 F.3d 565, 568 (5th Cir. 2006) (quoting Fed. R. Civ. P. 69(a)).

A money judgment is a "judgment for damages subject to immediate execution, as distinguished from equitable or injunctive relief." BLACK'S LAW DICTIONARY (10th ed. 2014). Suits seeking to compel a defendant to pay a sum of money as compensation for the defendant's

breach of a legal duty are "almost invariably" suits for money damages. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002). Only two elements are required:

> In common understanding, a money judgment is an order entered by the court or by the clerk, after a verdict has been rendered for plaintiff, which adjudges that the defendant shall pay a sum of money to the plaintiff. Essentially, it need consist of only two elements: (1) an identification of the parties for and against whom judgment is being entered, and (2) a *definite* and *certain* designation of the amount which plaintiff is owed by defendant. It need not, and generally does not, contain provisions for its enforcement.

*Penn Terra Ltd. v. Dep't of Envtl. Res.*, 733 F.2d 267, 275 (3d Cir. 1984) (emphasis in original) (s*ee generally* 49 C.J.S. Judgments, §§ 71–82 (describing proper form of money judgment)). Holding a party in contempt for a failure to render payment is typically only appropriate where the relief sought is traditionally available in equity or the statutory scheme serves an important national policy. *See Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 172 F. Supp. 3d 691, 695–98 (S.D.N.Y. 2016) (listing cases). If civil contempt is sought, a court must first determine if contempt is the procedurally proper remedy. *In re Hester*, 554 B.R. 143, 148 (Bankr. N.D. Tex. 2016). "Contempt is available to assist in the collection of a monetary judgment only in rare circumstances." *Patterson v. Am.'s Voice, Inc. (In re Am.'s Voice, Inc.)*, No. 99-02704, 2000 WL 33529764, at * 1 (Bankr. D.D.C. Oct. 4, 2000) (acknowledging such circumstances when contempt is available as the failure of a debtor to turn over assets, when required, to determine availability of assets to satisfy judgment; avoiding a writ of execution and liquidating assets; and to assure compliance with payment to a class of beneficiaries) (internal citations omitted).

Vivint's conduct is appalling. But the Laras have not alleged that Vivint's conduct—apart from its silence—constitutes a continuing violation. The prior March 27 Order requires no specific *act*, such as a turnover of property, sufficient to invoke contempt under Rule 7070 of the Federal Rules of Bankruptcy Procedure. It imposes no deadline. It is based on the express

statutory grant of damages under § 362(k). Fairly and narrowly construed, the Court's Order is a judgment of money damages. *See* Rules 9001(7), 9002(5), 7054(a), 9014(c). An award of money damages should almost always be enforced, at least initially, through a writ of execution. Rule 7069; *see also Andrews*, 473 F.3d at 568. The Laras have not attempted this measure. As such, a resort to any other remedy at this point is inappropriate. *See In re Snorden*, 559 B.R. 857, 862–63 (Bankr. W.D. Mich. 2016).

### End of Memorandum Opinion ###